UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHERZOD AMRIEV,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE,<br>MARKWAYNE MULLIN,<br>OF ICE DAVID VENTURELLA,<br>SAMUEL OLSON,<br>BRISON T. SWEARINGEN,<br><br>Respondents. | ) | No. 2:26-cv-00567-JRS-MKK |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING MOTION TO DISMISS**

Noncitizen Sherzod Amriev petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Justice Center, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court dismisses Mr. Amriev's petition for failure to exhaust his administrative remedies.

**I. Facts**

Mr. Amriev is a native and citizen of Uzbekistan. He entered the United States as a 17 year-old minor in 2022 and was inspected and paroled at Brownville, TX. The government initiated removal proceedings.

On August 11, 2026, Mr. Amriev was detained after a traffic stop by Indiana State Police. He was turned over to ICE custody and is currently detained at the Clay County Justice Center.

Respondents are holding him in custody pursuant to 8 U.S.C. § 1225(b)(2)(A), which mandates detention without a bond hearing. On September 11, Mr. Amriev received a custody redetermination hearing, at which the Immigration Judge (IJ) denied bond on the grounds that she

lacked jurisdiction and made an alternative finding that, were she to have jurisdiction, bond should be denied because Mr. Amriev is a flight risk. Mr. Amriev has not appealed the IJ's order.

Mr. Amriev asserts violations of the Immigration and Naturalization Act (INA) and the Due Process Clause of the Fifth Amendment.

## II. Analysis

### A. Section 1225 Mandatory Detention

The Seventh Circuit recently determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States: "Aliens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026). "Admission means 'lawful entry . . . into the United States after inspection and authorization.'" *Id.* at 918 (quoting *Sanchez v. Mayorkas*, 593 U.S. 409, 411 (2021)). "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026), *quoted in Cirrus Rojas*, 183 F.4th at 920.

Mr. Amriev was arrested years after his entry. He was not then, and he is not now, seeking to enter the United States at the border. He is not "seeking admission" as *Cirrus Rojas* applies the phrase. Therefore, under the now-settled law of this Circuit, Mr. Amriev's detention must be governed by § 1226(a) rather than § 1225(b)(2)(A), and he is therefore eligible for consideration of bond.

Respondents argue that *Cirrus Rojas* does not apply here because that case "involved a petitioner who entered the United States without inspection or admission in 2018 and who did not present himself at a port of entry." Dkt. 11 at 2 n.1. To the extent that these facts distinguish *Cirrus*

*Rojas* from this case, Respondents have not persuaded the Court that the distinction is legally significant. The bottom line of *Cirrus Rojas* is that § 1225(b)(2)(A) applies only to applicants for admission who are *actually seeking admission*. Respondents do not explain how Mr. Amriev is actively seeking admission any more than Cirrus Rojas was when he was arrested in the interior of the United States.

**B. Respondent's Motion to Dismiss and Exhaustion**

Respondents, however, move the Court to dismiss Mr. Amriev's petition because he received a custody redetermination hearing at which bond was denied. Dkt. 14. The government argues that Mr. Amriev has received the only remedy available to him since he was afforded a bond hearing on the merits, as demonstrated by the IJ's alternative holding. The Court agrees that the IJ did make an alternative finding that, were she to have jurisdiction, she finds that Mr. Amriev is a flight risk and, as a result, denies bond. As the Court discussed above, the IJ does, in fact, have jurisdiction over Mr. Amriev under § 1226(a) as interpreted by *Cirrus Rojas*. Accordingly, the Court finds that Mr. Amriev has received a bond hearing on the merits, the relief afforded by *Cirrus Rojas*.

The question, therefore, is whether Mr. Amriev should be required to exhaust his administrative remedies by appealing the IJ's order. The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

There is no statutory requirement for Mr. Amriev to exhaust remedies in the immigration court before he can seek habeas relief from this Court. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016.

In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). Mr. Amriev argues that any appeal would be futile, but as the Court has already discussed, the IJ had jurisdiction pursuant to § 1226(a) and issued a final appealable order on the merits that can be reconsidered by the BIA.

Additionally, Mr. Amriev identifies only one specific constitutional challenge: that the Fifth Amendment entitles him to a bond hearing. Dkt. 2 at 10. Mr. Amriev, however, has already received a bond hearing rendering his constitutional argument moot.

## III. Conclusion

This case is **dismissed without prejudice** for **failure to exhaust** administrative remedies.

Respondents' motion to dismiss, dkt. [14], is **granted** to the extent the Court has dismissed the petition for failure to exhaust administrative remedies.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 11/13/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record